**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GREGORY BENN BROWN,<br>Appellant, | DOCKET NUMBER<br>PH-0752-19-0045-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: May 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gregory Benn Brown</u>, New London, Connecticut, pro se.

<u>Alexandra Hudd Sandgren</u> and <u>Sean M. Connolly</u>, Groton, Connecticut, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice his initial appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). For the reasons discussed below, we FORWARD this matter to the administrative judge for her to refile the appeal, which was previously dismissed without prejudice.

On review, the appellant argues that the record does not support the administrative judge's dismissal without prejudice of his appeal over his objection. Petition for Review (PFR) File, Tab 1 at 5-10. He first contends that the administrative judge's order directing him to respond as to whether he objected to a dismissal without prejudice "chill[ed]" the protection of law" because he was recovering from a medical condition at the time. *Id.* at 8; Initial Appeal File (IAF), Tab 41. He also states that the dismissal constituted harmful error, an abuse of discretion, an erroneous interpretation of statute and regulations, and did not serve the interests of fairness, due process, and administrative efficiency. PFR File, Tab 1 at 5-10. He argues that the administrative judge's finding that the record is "replete" with examples of his inability to meet deadlines due to his medical condition is unfounded and that it is difficult for him to respond to orders because he is not an attorney. *Id.* at 9; IAF, Tab 48, Initial Decision (ID) at 4-5. He further contends that the administrative judge's directive that, although the appeal will be automatically refiled on October 15, 2019, he may refile his appeal sooner if he submits acceptable

medical documentation is not supported by the Board's case law because it is impossible for a doctor to determine whether he is fit to pursue his appeal and deprives him of his ability to challenge his removal. PFR File, Tab 1 at 8-10; ID at 5. He requests that his case proceed and submits medical documentation stating that he is medically stable from his chronic medical problems. PFR File, Tab 1 at 10, 15.

The administrative judge did not abuse her discretion in dismissing the appeal without prejudice. An administrative judge has wide discretion to control the proceedings before her, and the dismissal without prejudice to refiling is a procedural option committed to her sound discretion. *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009); 5 C.F.R. § 1201.29(b). The administrative judge must exercise her discretion in a manner consistent with the policies set forth by the Board. *Selig v. Department of the Army*, 102 M.S.P.R. 189, ¶ 6 (2006). A dismissal without prejudice may be granted when the interests of fairness, due process, and administrative efficiency outweigh any prejudice to either party. *Gingery*, 111 M.S.P.R. 134, ¶ 9; 5 C.F.R. § 1201.29(b). We find no evidence that the administrative judge's order informing the parties of her intent to dismiss the appeal without prejudice and directing them to respond was harmful to the appellant, as she provided him with an opportunity to respond prior to her dismissal of the case, and the appellant responded to the order; he has not indicated how the outcome of the case would have been different had he had additional time to respond. *See* IAF, Tabs 41, 43. Given the delays in the case due to the appellant's serious medical condition and medical documentation establishing the appellant's ongoing recovery from the condition, the administrative judge did not abuse her discretion in dismissing the case without prejudice. *See, e.g.*, *Padilla v. Department of the Air Force*, 58 M.S.P.R. 561, 566 (1993) (finding that the administrative judge did not abuse her discretion in dismissing the appeal without prejudice in light of the appellant's medical

condition and the need for a lengthy delay). The appellant has not shown, nor does the record reflect, that he was prejudiced by the dismissal.

We also find no error in the administrative judge's decision to automatically refile the appeal approximately 6 months after the issuance of the initial decision, but to provide the appellant with an opportunity to refile sooner upon the submission of medical documentation showing that he is "medically stable" and "fit to pursue his appeal." ID at 5. The Board has approved of language directing an appellant to refile an appeal within a certain time after his physicians find that he is medically able to proceed and to provide medical documentation to that effect. *See, e.g.*, *Padilla*, 58 M.S.P.R. at 567. We find no error in the administrative judge's hybrid approach to refiling. Additionally, on review, the appellant has submitted medical documentation stating that he is "medically stable." PFR File, Tab 1 at 15. Accordingly, we find it appropriate to forward this matter to the administrative judge for her to refile the appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.